The following is the opinion of the court below:
Kellogg, J.
The disposition of this case must depend upon the construction to be given to the contract of March 9, 1881, made between Rensselaer Knapp and Joubert & White.
It would appear by that contract or agreement that Knapp owned at that time some patent for the improvement of buckboard buggies, and that Joubert & White also owned a similar patent, and to combine their patents, and save conflict, Joubert & White are given exclusive authority over both patents, with full power to grant licenses, sell rights and territory, and all things incident, in no way restricted as to price, but possessing all the powers of owners of the patents.
It appears by the evidence that at the time of making the contract Joubert & White were manufacturers of wagons for sale, having their place of business at Glens Falls, FT. Y., and had manufactured and sold the buckboard wagon under their patent, and sold the same prior to the agreement, and were so manufacturing and selling at the date of the agreement
As to all licenses granted, and rights and territory sold, Joubert & White being interested in getting the best prices obtainable, no limitation as to price appears in the contract, but it is contemplated by the agreement that Joubert & White might continue the manufacture of wagons, and as to those wagons manu *254 factored and sold by them the price to be paid to Knapp is agreed upon.
As to wagons manufactured and sold by Joubert & White, they were to pay to Knapp $1.25 each. As to licenses granted on rights and territory sold to others, Knapp was to receive one-fourth of all sums obtained.
At the time the agreement was made, Joubert & White made and sold nothing but complete wagons.
Subsequently, to exhibit and to advertise the advantages or good qualities of these inventions as applied to the buckboard wagon, and to increase the sale of wagons and the invention, they made, as samples, a number of gear, which included all of the wagon to which the invention attached, viz. : the springs and the board in part sustained by the springs. These samples being shown to other wagon makers, brought proposals to buy this gear from Joubert & White, and to this demand Joubert & White gave attention, and thereafter made and sold the “ gear ” to the trade.
No doubt under the contract they had the right to do this. They had the right to use their judgment as to the best way and the course most profitable to adopt to preserve the reputation of their invention wholly embraced in this “ gear,” and instead of selling “ territory ” or the right to make and use the patented parts, the gear, they might with good reason conclude that the best interest of all concerned would be best promoted by retaining control of the construction, and not take the risk of a bad repute following the imperfect construction by others.
It is apparent from the evidence that while Joubert & White continued to manufacture and sell wagons with this patent attachment, they have built up a considerable business in the manufacture and sale of the “ gear ” also..
It is now contended by plaintiff that this “gear” should be counted a “ wagon " and plaintiff should be paid, as the successor of Knapp, the $1.25 stipulated to be paid by Joubert & White for each wagon manufactured and sold by them.
And it is contended that this method adopted by him is one of the methods which he had a right to adopt in the granting of licenses, and that they should only pay one-fourth of the sum received for such licenses.
It seems to me that the parties to the contract, in fixing the price, $1.25, to be paid by Joubert & White, only contemplated that such sum should be paid upon each wagon in complete state, or so far complete as to be properly termed a wagon, made and sold by them ; and this clause of the contract should not be further extended. It seems to me also that the method adopted by defendant to secure a profit from the sale of the patented part of this wagon cannot be taken as an attempt at an evasion of this clause of the contract, but was a reasonable and proper mode of disposing of licenses to use the patent in the construction of wagons by others, having a reasonable regard for the maintenance of the reputation of the invention. This is not an action for infringement In such an action it would be properly held that the manufacture and sale of the gear for the purpose of being used in *255 the construction of a wagon and in combination with other parts of a wagon, which is the essence of this patent, would be an infringement under the holding in Wallace v. Holmes, 9 Blatchford, 65; but the principle declared there finds no room for application here., Here the only question is whether payment should be made at one-fourth of the sum actually realized for sales of such licenses or at $1.25 for each gear.
The theory advanced by plaintiff that the basis of one-fourth affords an opportunity to Joubert & White to defraud plaintiff ; that the interests of Joubert & White through this method might induce them to reduce the price of the royalty or license and increase the price of the material and labor in the “ gear,” and so-produce a small sum to divide and at the same time large profits-to them, is hardly tenable. This might be so if Joubert & White had the arbitrary right to determine for themselves the division to be made, how much for the license and how much for the labor and material; but obviously such is not the case. Without doubt Joubert & White are interested in selling the “ gear ” at the highest possible price. That necessarily includes the right to use the gear in the construction of a wagon.
So far their interests and the interest of Knapp or his successor are identical; and there the power of Joubert & White to bind Knapp or his successor ceases. Under the contract they are to pay one-fourth of the sums realized for the license, and that is to-be determined, not by Joubert & White, but must be based upon the actual cost of the construction of the gear itself. It is .not difficult to determine on such basis what sums are realized for the patent. That actual cost with a reasonable profit usual in the trade upon such material and labor, taken from the sum realized upon the sale of the gear, would fix with certainty the sum realized for the patent or licenses. This mode of adjustment is consonant with the spirit and terms of thé contract, and by it the rights of all are preserved, and a reasonable latitude is given to Joubert & White to exercise their discretion as to the manner of disposing of rights to use the invention with a prudent regard for its repute.
It only remains in this case to determine what has been realized by defendants on sale of such rights or licenses, upon the basis indicated.
Too little regard was apparently given upon the trial to evidence which might enlighten the court as to the actual cost of construction of the gear, or as to what is a reasonable trade profit, the patent not being considered. No evidence was offered but that of interested parties, and no full and accurate details given. Counsel, it would seem, did not regard this as of the utmost importance.
The plaintiff rested his case without offering any testimony on that point.
The defendant, White, testified that the actual cost of construction, including material and labor, of all £‘ gear ” by him sold was at least eight dollars each, and that he sold them for nine dollars each. He gives the only detail testimony on this subject given by any witness.
Charles H. Griffin, for app’lt; A. J. Cherritree, for resp’t.
Knapp, the person with whom the contract was originally made, was produced by plaintiff to contradict White, and he testifies that “ he could furnish them and make a fair profit on it for four dollars for the whole thing;but this testimony lacks exact detail, and is too loose to carry much weight. Besides, he testifies that he has had nothing to do as wagon maker for fourteen years.
Mr. Griffin, the plaintiff, is then produced in contradiction of White, and he says they “could be made for five dollars.” No details are given; and whether he had in mind superior facilities for making is not apparent They “ could be made ” is hardly the standard by which to measure the actual cost or reasonable cost of making gear sold by defendant It is to be regretted that better data was not supplied to the court, but it was the plaintiff’s duty, having the affirmative, to make this reasonably clear. We are forced to accept the evidence of defendant White on this subject as most convincing and reliable.
' From the evidence, we conclude that the actual cost of construction was eight dollars,- and the actual sum on each gear realized for the invention or license was one dollar ; and under the terms of the contract, one-fourth of this, or twenty-five cents on each gear sold, must be paid to plaintiff.
Putnam, J.
I think there should be an affirmance of the judgment on the opinion of the court below, with costs to respondent
Mayham, P. J., and Herrick, J., concur.